MOE, et al., Appellants, v. WEDERATH, et al., Respondents.

(187 N. W. 544.)

(File No. 5047.   Opinion filed March 31, 1922.)

1.   **School Districts—Validity of Independent Consolidated District—
Quo Warranto Attacking Constitutionality of Consolidation
Act—Act Upheld, Against Suggested Unduly Hasty Legislation.**

The suggestion, in connection with an attack upon the con-
stitutionality of Chap. 47, Laws Sp. Sess. 1920, that the Court
consider the alleged haste with which said act was passed, is
irrelevant; the Court having nothing to do with motives con-

trolling, the wisdom of, or the haste connected therewith; those matters, under our form of government, being left with law-making power.

2. **Constitutional Law—Act Re Consolidation of School Districts, With Curative Clause—Unattacked Title Duly Comprehensive, Curative Clause Non-vitiating—Former Decisions Followed.**

Chap. 47, Laws Sp. Sess. 1920, authorizing several school districts to consolidate, etc., and containing a curative provision germane to the general subject embraced in its title, held, constitutional and not in conflict with Const., Art. 3, Sec. 21, prohibiting laws embracing more than one subject, which shall be expressed in its title; and the fact that part of the act is curative does not vitiate it in this respect. Hodges v. Snyder, 45 S. D. 149, and Alatalo v. Shaver, 45 S. D. 163, followed.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Proceeding in quo warranto, by Martin Moe, James Jensen, and Bert Corkel, against F. C. Wederath and others as members of the Board of Education, and C. H. West, as Treasurer of the purported Presho Independent Consolidated School District No. 31, Lyman County, South Dakota, questioning the validity of the attempted incorporation of an independent consolidated school district. From a judgment for defendants, plaintiffs appeal. Affirmed.

*Brown & Brown,* for Appellants.

*Frank C. Wederath,* for Respondents.

WHITING, J. This is an appeal from a judgment. The only question before us is the sufficiency of the findings to support such judgment. The action was one in quo warranto, questioning the validity of the attempted incorporation of an independent consolidated school district. The trial court held in favor of defendants, thus sustaining the validity of the corporate organization.

[1] Appellants attack the constitutionality of chapter 47, Laws Special Session 1920, and, in connection with their claim that such act is unconstitutional, they suggest to the court the consideration of the haste with which this act was passed. Certainly counsel thoroughly understand that this court has nothing to do with the motives controlling, the wisdom of, or the haste connected with, the passage of statutes. Those are matters which, under our form of government, must be left with the lawmaking power.

[2]    Appellants contend that chapter 47 embraces two distinct subjects and is, therefore, in conflict with section 21, art. 3, of our Constitution.   No claim is made but that the title is broad enough to cover the subject-matter of such chapter.   The law itself relates solely to consolidated school districts; and there is no part of the same but what is germane to the general subject. Part of said act is, it is true, curative in its nature, and part not; but counsel have not called our attention to the holding of any court to the effect that there could not be included in one law provisions curative of past acts and provisions pertaining solely to the future.

We are satisfied of the constitutionality of said act.   The constitutionality of same and the legal effect of its provisions have been considered in Hodges v. Snyder, 186 N. W. 867, and Alatalo v. Shaver, 186 N. W. 872, lately decided by this court. Those decisions and what we have announced above cover all questions presented by this appeal.

The judgment appealed from is affirmed.